[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR PERMISSION TOFILE COUNTERCLAIMS
In this action by plaintiff, Willow Funding Company, L.P. to foreclose a mortgage note and collect on guarantees, the defendants CT Page 1365-YYYY have moved to file counterclaims. In the counterclaims, defendants allege that the former holder of the mortgage in question (the FDIC as receiver for City Trust) offered to sell the mortgage instruments at a significant discount. The defendant, Grencom Associates, the maker of the note, was interested in this purchase and contacted the plaintiff to assist in the financing of the purchase. Plaintiff responded favorably to this request. Plaintiff requested and received propriety and confidential information from Grencom Associates to perform its due diligence regarding this purchase; and plaintiff also requested and received $5,000.00 from Grencom Associates to cover counsel fees necessary to consummate the purchase. However, unbeknownst to Grencom Associates, plaintiff decided to proceed to purchase the debt instruments on its own account. The mortgage note was assigned to plaintiff. Plaintiff made demand for payment of the full amount of the loan, and instituted this foreclosure action when this payment was not made. Defendants' first counterclaim alleges that plaintiff breached its fiduciary duty to defendants. The second counterclaim alleges that plaintiff breached an implied covenant of good faith and fair dealing.
Plaintiff objects to defendants' motion to file these counterclaims on the ground that as a matter of law, they would not survive a motion to strike, and therefore, should not even be allowed to be filed. Plaintiff's sole argument to support this objection is that the counterclaims do no arise out of the same transaction underlying plaintiff's complaint, and therefore, the counterclaims fail to satisfy the "transaction test" of Practice Book § 116.
Plaintiff relies on established precedent holding that defenses to a foreclosure action are generally limited to the making, validity and enforcement of the mortgage instruments, and plaintiff cites numerous cases where counterclaims based on tort or breach of implied duties have been stricken on the basis of this precedent. However, plaintiff's reliance on this precedent misses the point. Although the counterclaims are not related to theoriginal making of the mortgage note, they are very much related to plaintiff's assignment of the mortgage note. The counterclaims essentially allege that plaintiff acquired the assignments through trickery or deceit, and as part of the assignment transaction, plaintiff breached its fiduciary duties to defendants, as well as its implied duty to act fairly and in good faith.
This court is mindful of the numerous authorities rejecting CT Page 1365-ZZZZ defendants' attempts to assert counterclaims that have a peripheral relationship to the foreclosure action itself. However, a foreclosure action invokes the equitable power of the court and the court should exercise its equitable discretion to ensure that complete justice is done. In this case, where the defendants' counterclaims arise from and call into question the very assignment on which plaintiff bases its ownership right to pursue its cause of action, defendants have sufficiently satisfied the "transaction test" of Practice Book § 116 to survive a possible motion to strike as advanced by plaintiff.
Therefore, defendants' motion to file counterclaims is granted and plaintiff's objection to this motion is overruled.
Dated this 28th day of February, 1996.
STEVENS, J.